### 18307. SCHEUER BROTHERS & CO. *v.* HUSHINSKY.

The amendment to the plea in this case comes within the rule that a promise to answer for the debt of another must be in writing in order to bind the promisor, and the court erred in overruling so much of the demurrer to the amended plea as invoked the statute of frauds.

DECIDED NOVEMBER 15, 1927.

Frauds, Statute of, 27 C. J. p. 29, n. 85; p. 378, n. 11.

Complaint; from city court of Arlington—Judge Turnipseed presiding. April 11, 1927.

*A. L. Miller,* for plaintiffs. *George H. Perry,* for defendant.

LUKE, J. Scheuer Bros. & Company, a partnership composed of Moses and Nathan Scheuer, sued Mrs. Max Hushinsky upon an open account for $758.32, principal, and $101.31, interest to December 11, 1924. In her original answer the defendant denied indebtedness. By an amendment to this answer she admitted a prima facie case, assumed the burden of proof, and pleaded substantially as follows: "Defendant shows that· on January 30, 1923, the plaintiff was paid by defendant the sum of $500; that said payment was made under the following circumstances: Max Abramson, of Ft. Gaines, was indebted to plaintiff in some large sum; the plaintiff sought defendant's assistance in obtaining some settlement with said Max Abramson, without any result. The plaintiff then asked defendant to loan Max Abramson at least $500 to pay to plaintiff. Defendant agreed finally to do so, with the distinct understanding ·that if Max Abramson failed to promptly reimburse defendant within a reasonable time, that defendant should have the privilege of charging said $500 to plaintiff as a credit upon defendant's indebtedness here sued upon to plaintiff. Max Abramson failed to ever reimburse defendant in the amount of said $500, and under the distinct agreement had with plaintiff, defendant shows that the said·sum of $500, together with lawful interest thereon, is due to defendant by plaintiff, and properly chargeable as a credit on account sued on." Defendant further pleaded that "there was absolutely no consideration for defendant's paying over to plaintiff said $500 under the circumstances outlined in paragraph 1 of this amendment, except plaintiff's promise to allow said amount as a credit on the indebtedness sued on if Abramson failed to reimburse defendant, and unless defendant is allowed said credit of $500 for which she has received no value whatever." The plaintiff demurred to the foregoing amended plea, because it undertook to set up, and did set up, an agreement that was in violation of the statute of frauds, to wit, an oral promise by plaintiff to stand security for Abramson on a $500 loan made to Abramson by defendant. The demurrer was overruled and the plaintiff excepted.

The plea in this case comes squarely within the rule that a

promise to answer for the debt, default, or miscarriage of another must be in writing (Civil Code of 1910, § 3222), and the court erred in overruling so much of the demurrer to the plea as invoked the statute of frauds. In this connection see *Bedingfield* v. *Lamb,* 19 *Ga. App.* 486 (91 S. E. 793), and cit.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*